Michael E. Sweeney, J.
Defendant moves pursuant to rule 112 of the Civil Practice Act for judgment on the pleadings dismissing the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.
The action itself is one for libel. The gist of the complaint is that defendant published a certain editorial in its newspaper which allegedly contained defamatory statements concerning plaintiff.
*970 The pertinent part of the article as alleged in the complaint reads as follows:
“4. That the Defendant, in said newspaper ‘ The Massena Observer,’ published in its issue of May 31, 1960, of and concerning the Plaintiff the following false, malicious, defamatory, and libelous matter:
“ A. ‘ And yet due to this bylaw, some person following unwise counseling can defeat the committeeman in his own district and thus throw him out as county chairman ’
“ B. ‘ He comes from an honored family dating back to its first settlers. They have helped build this community, thus it is most difficult to understand why he would allow himself to be persuaded by a small group of mal-eontents to throw a monkey-wrench into the Republican Party.’
“ C. ‘ This needless contest in District 8, this needless attempt to embarrass hardworking and loyal Republicans, put Massena in a bad light in the rest of the county. It makes splendid ammunition for the Democrats. And it could cost Massena the chairmanship of the county Republican committee ’.”
The complaint does not allege either special damages or any innuendo.
The plaintiff contends that the objectionable language is libelous per se.
It is implicit in the law of libel that to be actionable the alleged defamatory words must injure one’s reputation.
The general rule as to whether words are libelous per se was set forth in Nichols v. Item Pub. (309 N. Y., 596) where the court said at page 600: “ The general rule, we stated in Mencher v. Chesley (297 N. Y. 94, 100), is that ‘ A writing is defamatory— that is, actionable without allegation or proof of special damage — if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community, even though it may impute no moral turpitude to him.’ And to that listing of the defamatory should be added a writing which tends to disparage a person in the way of his office, profession or trade.”
The present action grew out of an incident involving a local political contest for Republican committeeman in District 8 in Massena, St. Lawrence County, New York. It is well known that the interest created by political controversies in most locales causes them to take on magnifying proportions. Such atavistic interest is understandable in our country where politics permeate so much of our history. Each individual, big or little, prides himself on his political wisdom and freely expresses his views.
*971 Therefore, when the plaintiff entered the political arena he became subject to the custom of public expression and criticism of his activities. Such expression and criticism is free to all provided it is done honestly and fairly. (Cheatum v. Wehle, 5 N Y 2d 585.)
The question presented here is whether the alleged libelous words in and of themselves without explanation and without proof of special damage tend to expose the plaintiff to hatred, contempt or tend to damage him in his profession.
From an examination of the article in question and particularly that portion set forth in the complaint, I do not feel it falls within the general rule as to matters libelous per se.
I do not believe that any reasonable thinking person who read the article would, or could, impute anything derogatory to plaintiff’s reputation.
The article, in my opinion, is nothing more than fair reporting of a political controversy in the community.
It, in many respects, is most laudatory of the plaintiff and his ancestors. It concedes the plaintiff is an honorable man and has the right to run for the office in question. It states, however, that due to the peculiar by-law in question, some persons, by following unwise counseling can indirectly defeat the county chairman. It does not say that plaintiff followed unwise counseling, but if it did, it is nothing more than a fair comment under the circumstances. The only other words that the plaintiff may conceivably rely upon to substantiate his cause are those that imply that he allowed himself to be persuaded by a group of malcontents to throw a monkey wrench into the Republican party. This again, I must conclude is no more than fair comment on a matter of public interest honestly open to more than one opinion. Taking the article as a whole, it, at most, implies that an individual can cause trouble to his political organization and thereby give ammunition to those of the opposite political faith.
The article, therefore, in my opinion, is not libelous per se. (Hall v. Binghamton Press Co., 263 App. Div. 403, affd. 296 N. Y. 714; Hoeppner v. Dunkirk Print Co., 254 N. Y. 95, Reoux v. Glens Falls Post Co., 11 A D 2d 919.) The motion is granted.